NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**HORATIO WASHINGTON DEPOT TECHNOLOGIES LLC,**
*Plaintiff-Appellee*

**v.**

**TOLMAR, INC., TOLMAR PHARMACEUTICALS, INC., TOLMAR THERAPEUTICS, INC.,**
*Defendants-Appellants*

_____

2019-2443

_____

Appeal from the United States District Court for the District of Delaware in No. 1:17-cv-01086-LPS, Chief Judge Leonard P. Stark.

_____

Decided:  April 12, 2021

_____

JEFFREY R. GARGANO, Morgan, Lewis & Bockius LLP, Chicago, IL, for defendants-appellants.  Also represented by ZACHARY DAVID MILLER; KEVIN SHORTSLE, Akerman LLP, Chicago, IL.

_____

Before PROST, *Chief Judge*, PLAGER and CHEN, *Circuit Judges*.

PER CURIAM.

Tolmar, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Therapeutics, Inc. (collectively, "Tolmar") appeal the district court's denial of its motion for attorney fees under 35 U.S.C. § 285.  Finding no error warranting correction, we affirm.

Tolmar raises three primary arguments on appeal, of which none are persuasive.  First, Tolmar contends that the district court applied the wrong legal test by focusing on limited portions of the case, rather than the totality of the circumstances.  However, the record reflects that the district court properly evaluated the totality of the circumstances consistent with the law.  We cannot fault the court for doing its job by discussing some specifics of the case as part of that totality analysis.[1]  Second, Tolmar contends that the district court *required* a showing of bad faith for exceptionality, but again, Tolmar is mistaken.  The district court discussed bad faith only as part of its totality analysis.  It never transformed bad faith into an outcome-determinative factor.  Third and finally, Tolmar argues that the district court engaged in a clearly erroneous assessment of the evidence, given the conduct of Tolmar's opponent, Horatio Washington Depot Technologies LLC ("Horatio").  As the district court noted, much of Horatio's conduct was potentially concerning, but we are not convinced—given the standard of review and the district court's detailed

---

[1]    "The district court must determine whether the conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional, i.e., the case stands out among others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated." *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019).

consideration of these issues—that the court abused its discretion.[2]

For the foregoing reasons, we affirm the final decision of the district court.

**AFFIRMED**

---

[2]    "'We review all aspects of a district court's § 285 determination for an abuse of discretion' . . . .  An abuse of discretion occurs when, inter alia, the district court 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (citations omitted).